## LEWIS HOIE v. T. M. THOMPSON AND ANOTHER.[1]

May 11, 1923.

No. 23,403.

**Verdict against defendants sustained by evidence.**

    1. There was sufficient evidence to warrant the jury in finding that defendants were chargeable with negligence resulting in an automobile collision in which plaintiff's car was damaged.

**No attention given to unargued assignments of error.**

    2. Assignments of error not argued in the brief will not be considered.

**Amendment of complaint to conform to evidence proper.**

    3. The court did not err in permitting plaintiff to amend his complaint to conform to the evidence.

Action in the district court for Norman county to recover $500 damages to an automobile caused by the negligence of defendants. The case was tried before Grindeland, J., who when plaintiff rested permitted an amendment to the complaint, and a jury which returned a verdict for $443.04. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*J. A. Hendricks*, for appellants.

*Christian G. Dosland*, for respondent.

LEES, C.

Action for damages resulting from a collision between a Ford sedan, owned by plaintiff and driven by Peter Birkeland, and a Buick touring car, owned by the defendant Thompson and driven by the defendant Swenson.

The complaint contained a general charge of negligence in the operation and management of the Buick car. The answer denied defendants' negligence and set up a counterclaim for damages based on the negligence of Birkeland in driving the Ford sedan. The jury

[1]Reported in 193 N. W. 198.

returned a verdict in plaintiff's favor. Defendants have appealed from a denial of their motion for a new trial.

1. The collision occurred about 8 o'clock in the evening of August 31, 1921. Birkeland was driving west on a state highway near Shelly in this state. He overtook three teams traveling in the same direction, drawing loads of hay. He gave the usual signal and started to pass, driving to the left of the loads of hay. Swenson was driving east on the state highway. There was evidence tending to disclose this state of facts: Swenson was about half a mile away when Birkeland started to pass the teams, which were traveling north of the center of the highway. The highway was 50 or 60 feet wide, level and in good condition for travel. The teams were 75 or 100 feet apart and there was ample room to pass them. Birkeland drove a few feet south of the center of the road and 10 or 12 feet from the wagons, passing them at a speed of 10 or 12 miles an hour. Swenson was driving much faster. When he drew near the leading team, and the headlights on his car fell on the horses, he swerved his car to the south and struck plaintiff's car, which was then about 20 feet ahead of the teams and 23 feet north of the ditch on the south side of the road. The foregoing statement is based on the evidence introduced by plaintiff, for the sufficiency of the evidence to support a verdict is always to be determined by viewing it in a light as favorable to the party who obtained the verdict as is fairly permissible, and, to set it aside, something more is necessary than a showing that it is contrary to the evidence produced by the defeated party. In the case at bar the evidence, viewed as a whole, fairly supports the verdict, fortified by the approval of the trial court. Automobile collision cases usually present little but pure questions of fact. A jury is best qualified to fix the blame where it belongs and a court has no right to substitute its judgment for theirs.

There was no proper assignment of error by which the sufficiency of the evidence to support the verdict was challenged. But the question was raised by motion for a new trial and was argued in the briefs and orally. We have given it consideration, although not obliged to do so under the rules. We note that counsel for respond-

ent called attention to the absence of an appropriate assignment of error and that appellants made no attempt to cure it.

2. A number of assignments of error relate to rulings on the admission of evidence and to the refusal to give certain requested instructions. None of them are argued in the brief, hence we do not consider them.

3. When defendants rested, the court permitted plaintiff to amend his complaint to conform to the evidence. This is assigned as error. The amendment related to the headlights on the Buick car, which did not conform to the standard prescribed by section 2632, G. S. 1913, if defendants' witnesses were correct. After the amendment was allowed, defendants introduced additional evidence with reference to the lights. In view of the broad discretion trial courts may exercise in passing on applications for the amendment of pleadings, it is too clear for argument that there was no error here.

One ground of the motion for a new trial was newly discovered evidence. The evidence consisted of a photograph of the Ford sedan taken the day after the accident by a person who passed it as it stood in the road. In addition to the lack of an assignment of error to present this phase of the case here, there was a showing by plaintiff that the car was not in the same position as it was immediately after the collision.

Order affirmed.